UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN M. HICKOX, <br><br> Plaintiff, <br><br> v. <br><br> TAMMY FERGUSON, et al., <br><br> Defendants. | CIVIL ACTION NO. 4:16-cv-0534 <br><br> (BRANN, J.) <br> (MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

On March 24, 2016, *pro se* Plaintiff Justin M. Hickox filed the instant prisoner civil rights action under 42 U.S.C. § 1983, asserting claims against six employees at SCI-Benner Township.[1] (Doc. 1). Plaintiff alleges the Defendants: (1) failed to intervene to prevent an assault by another inmate, resulting in permanent physical damage; and (2) withheld prescription medications to treat a condition unrelated to the assault, causing him further harm and constituting deliberate indifference to his medical needs. On March 30, 2016, the Court referred the case to the Prison Litigation Settlement Program to facilitate an out-of-court resolution. (Doc. 3). In that Order, the Court stayed responsive pleadings, motions, and discovery pending settlement discussions. (Doc. 3). Presently before the Court is Plaintiff's motion to dismiss Defendant Leahey due to his inability to effectuate service, filed July 7, 2016. (Doc. 16).

---

[1] These named Defendants are: Superintendent Tammy Ferguson; Security Captain Grice; Security Lieutenant Holmberg; Health Care Administrator Lori Sossong; Dr. Xue; and Physician's Assistant Leahey.

Plaintiffs, as masters of their complaint, have control over the subject matter contained therein, subject to court approval; including over the parties from whom they seek redress. Under Rule 41, a plaintiff may voluntarily dismiss an action with a court order, on terms that the court considers proper. FED. R. CIV. P. 41(a)(2). This includes voluntary dismissal of individual parties, without affecting claims against the remaining defendants. *See Guerrero v. Bluebeard's Castle Hotel, Inc.* 982 F. Supp. 343, 352 (D.V.I. Oct. 31, 1997). Plaintiff has not offered any objectionable terms, as there is no qualification or trade-off he seeks in exchange for Defendant Leahey's dismissal. Accordingly, the Court finds his voluntary dismissal of Defendant Leahey acceptable, and without effect on the remaining parties.

Based on the foregoing, the Court recommends that Plaintiff's motion to dismiss Defendant Leahey be granted without prejudice.

**Dated: October 7, 2016**                                  *s/ Karoline Mehalchick*
                                                            **KAROLINE MEHALCHICK**
                                                            **United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN M. HICKOX,<br><br>        Plaintiff,<br><br>v.<br><br>TAMMY FERGUSON, et al.,<br><br>        Defendants. | CIVIL ACTION NO. 4:16-cv-00534<br><br>(BRANN, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **October 7, 2016**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: October 7, 2016**
                                                          *s/ Karoline Mehalchick*
                                                          **KAROLINE MEHALCHICK**
                                                          **United States Magistrate Judge**