# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN M. HICKOX, <br><br> Plaintiff <br><br> v. <br><br> TAMMY FERGUSON, et al <br><br> Defendants | CIVIL ACTION NO. 4:16-CV-534 <br><br> (BRANN, J.) <br> (MEHALCHICK, M.J.) |

## **ORDER**

On November 18, 2016, the Court ordered that this matter be removed from the Prisoner Litigation Settlement Program, that Defendants file an answer to the complaint on or before December 2, 2016, and finally, that Defendants file

> … a motion for summary judgment, together with a brief in support thereof, shall be filed on the issue of whether plaintiff failed to exhaust his administrative remedies, within thirty (30) days of the date of today's Order, or on or before December 19, 2016, should the Defendants wish to pursue this defense. Plaintiff shall file a brief in opposition to this motion on or before January 9, 2017. An evidentiary hearing on the issue of exhaustion of administrative remedies, if the Court determines one is necessary following submissions of the parties, shall be conducted on Tuesday, January 24, 2017 at 10:00 A.M.

(Doc. 26).

The Court further noted that

> Absent extremely extraordinary circumstances, the Court will not consider granting any extensions of these deadlines. This case was filed in March 2016 (Doc. 1). Counsel for the Defendants entered her appearance on May 6, 2016 (Doc. 11), but failed to file any response to either the Complaint or to the Court's Order referring the matter to the mediation program until October 27, 2016 (Doc. 24). The issues before this Court are entitled to prompt and thorough review, and this action must move forward.

(Doc. 26, n.2).

On November 30, 2016, the Department of Corrections ("DOC") Defendants filed an answer to the complaint (Doc. 27), in which they do raise the affirmative defense of failure of plaintiff to exhaust his administrative remedies. On November 30, 2016, the DOC Defendants also filed a motion for reconsideration of the Court's Order of November 18, 2016, in which Defendants do not raise an intervening change in the controlling law; the availability of new evidence that was not available when the court granted the motion; or the need to correct a clear error of law or fact or to prevent manifest injustice, *see Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999), but merely seek to have the order vacated "insofar as it determines that the Commonwealth defendants will have waived the affirmative defense of exhaustion of administrative remedies if they elect not to file a dispositive motion as to that issue on or before December 19, 2016." (Doc. 28). For the following reasons, the DOC Defendants' motion for reconsideration and to have the November 18th Order vacated is **DENIED**.

A motion for reconsideration is a device of limited utility which may only be used to correct manifest errors of law or fact or to present newly discovered precedent or evidence. *Harasco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). To prevail, a party seeking reconsideration must demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Defender Ass'n of Philadelphia*, No. 1:13-CV-510, 2013 WL 5781732, at *1 (M.D. Pa. Oct. 25, 2013). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed

of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citation omitted).

As stated in the Court's previous order, the issues before this Court are entitled to a prompt and thorough review. Indeed, the very first rule of the Federal Rules of Civil Procedure mandates that the rules "should be construed, administered, and employed by the court and the parties *to secure the just, speedy, and inexpensive* determination of every action and proceeding." Fed.R.Civ.P. 1 (emphasis added). This case was filed in March 2016. (Doc. 1). Counsel for the Defendants entered her appearance on May 6, 2016 (Doc. 11), but failed to file any response to either the Complaint or to the Court's Order referring the matter to the mediation program until **October 27, 2016** (Doc. 24), seven months after the case was filed, seven months after the Court referred the case to the Court's settlement program (Doc. 3), and more than five months after she first entered her appearance. Further, in the Order referring the case to the settlement program, the Court directed the parties to file any opposition to the mediation within fourteen days of the order, which was dated March 30, 2016 (Doc. 3). Despite the Order clearly directing the same, DOC Defendants, through their counsel, failed to file any such opposition until October 27, 2016, when counsel indicated that she "was unaware that the parties had the ability to oppose the mediation…" (Doc. 24, at 2). Such a statement plainly indicates to the Court that counsel failed to even read the Court's Order of March 30, 2016, which not only clearly indicated that the opportunity to opt out of mediation was available, but that counsel was required to file a timely opposition to the same.

Nonetheless, upon receipt of counsel's declaration of October 27, 2016, the Court vacated the Order referring the case to mediation and directed that an answer be filed and the issue of administrative exhaustion be briefed and argued. Nothing in the Court's order directs

that the issue of exhaustion shall be deemed waived if a dispositive motion is not filed,[1] but the Court is not persuaded by DOC Defendants' argument that further time is needed for discovery on this issue, or that it is necessary to conduct Plaintiff's deposition prior to the determination of the issue of exhaustion of remedies. First, the Court notes that Defendant Dr. Xue filed a motion to dismiss (Doc. 12) and brief in support thereof (Doc. 13) on this issue, together with numerous pages of grievance records.[2] Plaintiff filed a brief in opposition to this motion, describing in detail how he did exhaust his remedies. (Doc. 15). Further, the Court has ordered that an evidentiary hearing will be conducted, if necessary, on this issue, on January 24, 2017, at which time Plaintiff will be available to testify and be subject to examination by Defendants

---

[1] Nothing in the Court's order states that the issue of exhaustion is waived should Defendants not file a motion and brief on the issue of exhaustion of remedies, and the Third Circuit has not read into the PLRA a timing requirement for the raising of that motion. *Drippe v. Tobelinski*, 604 F.3d 778, 782 (3d Cir. 2010).

[2] "To the extent that the court considers evidence beyond the complaint in deciding a Rule 12(b)(6) motion, it is converted to a motion for summary judgement." *Sharp v. Pennsylvania Army Nat. Guard*, No. 1:11-CV-1262, 2013 WL 1703583, at *2 (M.D. Pa. Apr. 19, 2013); citing *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 88 (3d Cir.1999). In such an instance, all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. The Third Circuit has held that "it is reversible error for a district court to convert a motion under Rule 12(b)(6) or Rule 12(c) into a motion for summary judgment unless the court provides notice of its intention to convert the motion and allows an opportunity to submit materials admissible in a summary judgment proceeding or allows a hearing." *Rose v. Bartle*, 871 F.2d 331, 342 (3d Cir.1989). "However, motions for summary judgment that are presented to the court as motions in the alternative constitute sufficient notice to a non-moving party that the court may convert a motion to dismiss into a motion for summary judgment." *Carver v. Plyer*, 115 F. App'x 532, 536 (3d Cir.2004) (citing *Hilfirty v. Shipman*, 91 F.3d 573, 578–79 (3d Cir.1996)).

In this case, the Court notes that Defendant Xue, in filing the motion to dismiss, requested that, if necessary, the Court convert the motion to a motion for summary judgment on the issue of exhaustion. The Court hereby puts the parties on notice that Defendant Xue's motion will be considered as a motion for summary judgment. The Plaintiff may file any further opposition to Defendant Xue's motion, if he wishes, on or before January 9, 2017.

on this issue. (Doc. 26). The Court notes that any other prison or disciplinary or grievance records relevant the defense of failure to exhaust administrative remedies would likely be in the possession of the DOC Defendants, and therefore readily available to them for purposes of preparing this motion for summary judgment.

Moreover, district courts have inherent power to manage their own docket, and are authorized to "consider and take appropriate action" to facilitate the "just, speedy, and inexpensive disposition" of all matters before them. *Greatbatch Ltd. v. AVX Corp.*, 179 F. Supp. 3d 370 (D. Del. 2016); *citing* Fed.R.Civ.P. 16; *see also* Fed.R.Civ.P. 1; *see, e.g., Ryan v. Gonzales*, –––U.S. ––––, 133 S.Ct. 696, 708, 184 L.Ed.2d 528 (2013); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed.Cir.1988). Indeed, in the *Drippe* decision relied upon by Defendants, the Court of Appeals for the Third Circuit has commented on a district court's discretion with respect to case management decisions:

> As a general matter, we accord district courts great deference with regard to matters of case management. *See, e.g., In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817–18 (3d Cir.1982) ("[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court. We will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." (citation and quotation omitted)); *Yesudian ex rel. U.S. v. Howard Univ.*, 270 F.3d 969, 971 (D.C.Cir.2001) ("Thus, given the great deference we owe district courts in what are effectively their case-management decisions, there was no reversible error in the court's decision to accept [the] late filing." (citation and quotation omitted)); *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 583–84 (1st Cir.1994) ("... We deem it self-evident that appellate courts cannot too readily agree to meddle in such case-management decisions lest the trial court's authority be undermined and the systems sputter." (citation and quotation omitted)).
>
> *Drippe v. Tobelinski*, 604 F.3d 778, 783 (3d Cir.2010).

Finally, under Fed. R. Civ. Pro. 56(f)(3), the court may, after giving notice and a reasonable time to respond, consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute. *See also* Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence.") Here, the parties have been put on ample notice that the Court wishes to consider the issue of exhaustion and has directed the parties to submit briefs and prepare for an evidentiary hearing on that issue.

In light of the foregoing, DOC Defendants' motion (Doc. 27) is **DENIED**. As DOC Defendants have raised exhaustion of administrative remedies as a defense, as there is a motion pending by Defendant Xue on this issue, as this is an issue on which limited discovery is necessary, and as the Court has an interest in the just, speedy, and inexpensive disposition of this matter, which has already been delayed as outlined above, the DOC Defendants, in accordance with the Court's Order of November 18, 2016, shall file a motion and brief on the issue of exhaustion on or before December 19, 2016.  Plaintiff shall file a brief in opposition to this motion on or before January 9, 2016. An evidentiary hearing shall be conducted on January 24, 2017 at 10:00 A.M.

Date: December 1, 2016                                                          *s/ Karoline Mehalchick*
                                                                                                **KAROLINE MEHALCHICK**
                                                                                                **United States Magistrate Judge**